IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MANDI WRIGHT, individually and as surviving spouse of CORY WRIGHT, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-11-1235-C |
| GARY STANLEY, individually and in his official capacity as Sheriff of Woodward County; JENNIFER COLLISON, in her individual capacity; JEREMY CANNON, in his individual capacity; BOARD OF COUNTY COMMISSIONS OF THE COUNTY OF WOODWARD; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

On August 16, 2011, the Woodward Police Department arrested Cory Wright and Jeff

Tindal and transported them to the old Woodward County Jail on a complaint of driving

under the influence of alcohol and public intoxication. During booking, Defendants Collison

and Cannon decided to separate Wright and Tindal, rather than putting them both in the

"drunk tank," allegedly because one or both of the arrestees told the Defendants that they

would fight each other if left together. Defendant Collison instead directed Defendant

Cannon to place Wright in Cell 6 with part of the general population. The Cell 6 inmates

complained that Cell 6 was already full and they did not want Wright placed in that cell.

Shortly thereafter, Defendants Collison and Cannon heard sounds of a commotion from Cell

6 and found Wright sitting on the floor with injuries to his face. Wright was immediately

transported to the Woodward Regional Hospital Emergency Room where the doctors diagnosed him with fractures to two of his facial bones, abrasions, and contusions. The hospital treated Wright and discharged him and several hours later the Woodward County Jail released Wright on bond. On October 28, 2011, Wright filed suit, alleging the injuries he incurred at the Woodward County Jail resulted from the negligence and deliberate indifference of the named Defendants. Approximately one month later, on November 21, 2011, Wright died from a drug overdose. Subsequently, Cory Wright's wife, Plaintiff Mandi Wright, filed an Amended Complaint bringing suit "Individually and as Surviving Spouse of Cory Wright." (1st Amend. Compl., Dkt. No. 7, at 1.) Now before the Court are motions for summary judgment filed by all Defendants (Dkt. Nos. 87, 88, 89, 91).

## I. LEGAL STANDARD

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of

proof at trial, the non-movant must then "go beyond the pleadings and by her own affidavits,

or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific

facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P.

56(e)). A court considering a summary judgment motion must view the evidence and draw

all reasonable inferences therefrom in the light most favorable to the nonmoving party.

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000).

## II.  ANALYSIS

### A.  42 U.S.C. § 1983 Claims

Defendants first move for summary judgment on Plaintiff's claims brought pursuant

to 42 U.S.C. § 1983 on the basis of standing. Generally, § 1983 only provides a cause of

action "to the party injured," meaning "a section 1983 claim must be based upon the

violation of plaintiff's personal rights, and not the rights of someone else." 42 U.S.C.

§ 1983; Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) (citing Dohaish v. Tooley,

670 F.2d 934, 936 (10th Cir. 1982) ("It is quite true that there is also a lack of

standing . . . mean[ing] that the § 1983 civil rights action is a personal suit. It does not accrue

to a relative, even the father of the deceased.")). In Berry v. City of Muskogee, Okla., 900

F.2d 1489, 1501-07 (10th Cir. 1990), the Tenth Circuit recognized that § 1983 permits the

recovery of some traditional wrongful death damages. However, instead of borrowing

Oklahoma's survival and wrongful death actions, 12 Okla. Stat. §§ 1051, 1053, the Tenth

Circuit held "that the federal courts must fashion a federal remedy to be applied to § 1983

death cases. The remedy should be a survival action, brought by the estate of the deceased

victim." <u>Berry</u>, 900 F.2d at 1506-07 (emphasis added); <u>see also</u> <u>Wilson v. City of Lafayette</u>, 510 F. App'x 775, 781 (10th Cir. 2013), <u>cert.</u> <u>denied</u>, ___ U.S. ___, 134 S.Ct. 164 (2013). Plaintiff brought suit "Individually and as Surviving Spouse of Cory Wright," not as the appointed representative of Cory Wright's estate. (4th Amend. Compl., Dkt. No. 58, at 1; <u>see also</u> Pl.'s Resp. to Def. Board's Mot. for Summ. J., Dkt. No. 100, at 3, Ex. 6 at 1 (admitting Plaintiff is not currently an official representative of Cory Wright's estate).) Although Plaintiff may bring a wrongful death action as the widow of the deceased under Oklahoma state law, 12 Okla. Stat. § 1054, Plaintiff does not have standing to bring such a claim pursuant to 42 U.S.C. § 1983. The Court must therefore grant each Defendant's Motion for Summary Judgment on Plaintiff's § 1983 claims.

B. State Law Claims

Plaintiff's remaining causes of actions are based on Oklahoma statutory and constitutional provisions and Oklahoma case law. Given the importance of allowing the Oklahoma courts to decide novel and significant issues of Oklahoma law, such as the breadth of the recent <u>Bosh</u> opinion,[*] exercising supplemental jurisdiction in this case would be inappropriate. Because the Court has granted summary judgment to the Defendants on Plaintiff's federal claims, dismissal of Plaintiff's remaining state claims is appropriate.

---

[*] <u>Bosh v. Cherokee Cnty. Bldg. Auth.</u>, 2013 OK 9, 305 P.3d 994.

## III. CONCLUSION

Accordingly, because the Court lacks standing to decide Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, the Court hereby GRANTS IN PART the Motions for Summary Judgment filed by Defendant Collison (Dkt. No. 87), Defendant Stanley (Dkt. No. 88), Defendant Cannon (Dkt. No. 89), and Defendant Board of County Commissioners of the County of Woodward (Dkt. No. 91) and DISMISSES Plaintiff's Complaint.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-based claims and thus DISMISSES Plaintiff's suit without prejudice.  Defendants' Joint Motion to Exclude Testimony of Dr. William Clark (Dkt. No. 85), Plaintiff's Motion to Exclude Testimony of Andrew Foote (Dkt. No. 86), Defendants' Joint Motion to Exclude Adam Butera as an Expert Witness (Dkt. No. 92), Defendants' Motion to Strike Responses to Defendant's Motion for Summary Judgment Statement of Undisputed Facts (Dkt. No. 107), Defendants' Motions in Limine (Dkt. Nos. 135, 137, 138, 140, 141), and Plaintiff's Motions in Limine (Dkt. Nos. 145, 146) are STRICKEN as moot.

IT IS SO ORDERED this 20th day of December, 2013.


ROBIN J. CAUTHRON
United States District Judge