IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MANDI WRIGHT, individually and as surviving spouse of CORY WRIGHT, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-11-1235-C |
| GARY STANLEY, individually and in his official capacity as Sheriff of Woodward County; JENNIFER COLLISON, in her individual capacity; JEREMY CANNON, in his individual capacity; BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WOODWARD; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

On August 16, 2011, the Woodward Police Department arrested Cory Wright on a complaint of driving under the influence of alcohol and booked Wright into the old Woodward County Jail. Defendants Cannon and Collison placed Wright in Cell 6. A short time later, the two Defendants heard sounds of commotion from Cell 6 and found Wright sitting on the floor with injuries to his face. Doctors at the Woodward Regional Hospital Emergency Room diagnosed Wright with fractures to two of his facial bones, abrasions, and contusions. The hospital discharged Wright after treating him and several hours later the Woodward County Jail released Wright on bond. Cory Wright subsequently filed suit, alleging the injuries he incurred at the Woodward County Jail resulted from the negligence and deliberate indifference of the named Defendants. Approximately one month later, on

November 21, 2011, Wright died from a drug overdose. Cory Wright's wife, Plaintiff Mandi Wright, then filed an Amended Complaint bringing suit "Individually and as Surviving Spouse of Cory Wright." (1st Amend. Compl., Dkt. No. 7, at 1.) Noting that claims brought pursuant to 42 U.S.C. § 1983 must be "brought by the estate of the deceased victim," not the deceased's surviving spouse, the Court concluded Plaintiff lacked standing to pursue her federal claims and granted summary judgment to the Defendants. (Order of Dec. 20, 2013, Dkt. No. 153, at 3-4.) The Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state-based claims and dismissed those without prejudice. Plaintiff Mandi Wright, now the Administrator of the Estate of Cory Wright, moves to substitute pursuant to Fed. R. Civ. P. 17 (Dkt. No. 162) and for relief from the Court's order and judgment in favor of Defendants (Dkt. No. 163).

Fed. R. Civ. P. 59(e) permits a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Under Tenth Circuit case law, "'[g]rounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Monge v. RG Petro-Machinery (Group) Co. Ltd., 701 F.3d 598, 611 (10th Cir. 2012) (citation omitted). Plaintiff appears to argue that the third ground is applicable in this case, or that vacating the earlier summary judgment order is necessary "to correct clear error or prevent manifest injustice." Id.

First, Plaintiff contends the Court clearly erred in dismissing her state court claims because diversity jurisdiction exists over those claims under 28 U.S.C. § 1332. Section

2

1332(a)(1) provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In this case, Plaintiff is a citizen of Texas and Defendants are all citizens of Oklahoma. Moreover, the amount in controversy exceeds $75,000. Accordingly, Plaintiff is correct. The Court has jurisdiction over her state law claims and should not have dismissed them on the basis of declining to exercise supplemental jurisdiction.

Next, Plaintiff asserts the Court clearly erred in concluding Plaintiff lacked standing to bring her federal § 1983 claims as surviving spouse of the deceased. In her brief, Plaintiff merely reiterates arguments previously rejected by this Court, muddling federal and state law and blatantly misrepresenting the Tenth Circuit's holding in Wilson v. City of Lafayette, 510 F. App'x 775 (10th Cir.), cert. denied, ___ U.S. ___, 134 S.Ct. 164 (2013). Compare Pl.'s Mot. for Relief from J., Dkt. No. 163, at 4 ("The Wilson court declined to consider whether Berry[1] was critical of any state survival or wrongful death cause of action specific to Oklahoma, [instead] recogniz[ing] that the question remained open in the Tenth Circuit.") (emphasis added)) with Wilson, 510 F. App'x at 780-81 (declining to decide whether Berry "bars pursuit of *any* state survival or wrongful death cause of action through § 1983" but recognizing Berry at least holds "that *Oklahoma's* survival and wrongful death statutes shouldn't be borrowed") (emphasis original). Plaintiff does not convincingly argue that the

---

[1] Berry v. City of Muskogee, 900 F.2d 1489 (10th Cir. 1990).

Court erred in finding she lacked standing to bring her § 1983 claims as surviving spouse of Cory Wright, rather than as the administrator of Cory Wright's estate.[2]

Subsequent to the Court's Order dismissing Plaintiff's § 1983 claims for lack of standing, the Wichita County District Court of Texas named Mandi Wright the Administrator of the Estate of Cory Wright. Plaintiff thus filed a Motion to Substitute (Dkt. No. 162) Mandi Wright as the Administrator of the Estate of Cory Wright in lieu of Mandi Wright as the surviving spouse of Cory Wright, pursuant to Fed. R. Civ. P. 17. Rule 17(a)(3) precludes the Court from "dismiss[ing] an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action." Rule 17's real-party-in-interest rule is irrelevant to this matter, however. The Court did not dismiss Plaintiff's § 1983 claims "for failure to prosecute in the name of the real party in interest"; the Court dismissed Plaintiff's claims because Plaintiff lacked standing to sue, meaning the Court lacked jurisdiction. See 6A Fed. Prac. & Proc. Civ. § 1542 (3d. ed.) (comparing and contrasting Rule 17's real-party-in-interest requirement and the doctrine of constitutional standing). But, because the Court retains jurisdiction over a portion of Plaintiff's suit—Plaintiff's state law claims—the Court will construe Plaintiff's Motion to Substitute as a motion to amend her Complaint. The

---

[2] The fact that the Court has jurisdiction over Plaintiff's state law claims on the basis of diversity does not confer jurisdiction on the Court to hear Plaintiff's federal claims. The Supreme Court has held "'a plaintiff must demonstrate standing for each claim [s]he seeks to press' and '"for each form of relief"' that is sought." Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)).

Court will permit Plaintiff to amend her Complaint to assert her federal claims in her capacity as the Administrator of her husband's estate.

Accordingly, Plaintiff's Motion to Substitute (Dkt. No. 162), herein construed as a Motion to Amend, is GRANTED; as is Plaintiff's Motion for Relief from Judgment or Order (Dkt. No. 163). The Court therefore VACATES its prior Order and Judgment of December 20, 2013 (Dkt. Nos. 153, 154). Defendant Cannon's Motion for Costs (Dkt. No. 156) is thus MOOT. Plaintiff must file an amended complaint complying with this Order within fourteen (14) days, by May 9, 2014. The Court will then set this case for a scheduling conference so that a new scheduling order may be issued.

IT IS SO ORDERED this 25th day of April, 2014.

ROBIN J. CAUTHRON
United States District Judge