IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MANDI WRIGHT, Individually and as )
Administrator of the Estate of CORY )
WRIGHT, Deceased, )
 )
        Plaintiff, )
 )
vs. ) Case No. CIV-11-1235-C
 )
GARY STANLEY, individually and )
in his official capacity as Sheriff of )
Woodward County; JENNIFER )
COLLISON, in her individual capacity; )
JEREMY CANNON, in his individual )
capacity; BOARD OF COUNTY )
COMMISSIONERS OF THE COUNTY )
OF WOODWARD; )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On August 16, 2011, Woodward Police Officers arrested Cory Wright at 11:38 p.m. on complaint of driving under the influence of alcohol. The officers booked Wright into the old Woodward County Jail, which was overcapacity at that time. (See Sixth Am. Cmpl., Dkt. No. 187, at 6.) Defendant Jennifer Collison, a jailer at the Woodward County Jail, assigned Wright to Cell 6, which contained five or six other inmates.[1] (Sixth Am. Cmpl., Dkt. No.

---

[1] In their November 2013 Motions for Summary Judgment (Dkt. No. 88 & 91), Defendant Gary Stanley and Defendant Woodward County Board of County Commissioners assert that Cell 6 contained five other inmates. Plaintiff admitted to this fact in her responses, which preceded the filing of Plaintiff's Sixth Amended Complaint, which again alleges the presence of six other inmates. (Pl.'s Resp., Dkt. No. 100, at 2; Pl.'s Resp., Dkt. No. 101, at 1.)

187, at 4.) Plaintiff asserts that the other inmates in Cell 6 told Defendant Jeremy Cannon, also a jailer, and/or Collison that they would harm Wright if he was put in the cell. Cannon and/or Collison placed Wright in Cell 6. A short time later, Cannon and Collison returned to Cell 6 after hearing sounds of commotion and found Wright sitting on the floor with injuries to his face. Wright was checked into the Woodward Regional Hospital Emergency Room on August 17, 2011, at 12:43 a.m. (Def.'s Mot. for Summ. J., Dkt. No. 87, Ex. 16, at 1.) Plaintiff asserts that Wright "suffered severe physical injuries to his face, loss of memory and other long-term injuries." (Sixth Am. Cmpl., Dkt. No. 187, at 5.) Hospital records show Wright was diagnosed with two facial bone fractures, abrasions, and contusions. (Def.'s Mot. for Summ. J., Dkt. No. 87, Ex. 16, at 1.) Plaintiff was released from the hospital and the jail later that day. (Pl.'s Resp., Dkt. No. 96, at 7.) Pursuant to 42 U.S.C. § 1983, Wright filed suit in this Court on October 28, 2011, alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution. (Cmpl., Dkt. No. 1, at 2.) Wright also alleged that Defendants breached their duties in violation of the Oklahoma Constitution and common law. (Id.) Wright subsequently died on November 21, 2011. Plaintiff's Complaint states that Wright "eventually succumbed to his injuries and passed away." (Sixth Am. Cmpl., Dkt. No. 187, at 5.) The Autopsy Report states that Wright died of a drug overdose. (Def.'s Mot. for Summ. J., Dkt. No. 87, Ex. 15, at 2.) Plaintiff Mandi Wright then filed an Amended Complaint (Dkt. No. 7), bringing suit "Individually and as Surviving Spouse of Cory Wright." The Court eventually dismissed Plaintiff's claims without prejudice on December 20, 2013, holding that Plaintiff did not have standing under

Okla. Stat. § 1054 to bring such claims pursuant to 42 U.S.C. § 1983 because Plaintiff was not an official representative of Cory Wright's estate.[2] (Order, Dkt. No. 153, at 4.) On January 17, 2014, Plaintiff filed both a Motion to Substitute (Dkt. No. 162), naming "Mandi Wright, as Administrator of the Estate of Cory Wright" as Plaintiff, and a Motion to Vacate (Dkt. No. 163), seeking relief from the order dismissing Plaintiff's claims. The Court granted both motions. (Order, Dkt. No. 172.) Plaintiff then filed a Sixth Amended Complaint (Dkt. No. 187) on September 23, 2014. In addition to Wright's Eighth and Fourteenth Amendment claims, Plaintiff's Sixth Amended Complaint asserts, in Count II, a Fourth Amendment claim of excessive force in violation of 42 U.S.C. § 1983 and a claim of excessive force in violation of Okla. Const. Art. 2, § 30. In Count IV, Plaintiff asserts a Fourth Amendment claim of "objectively unreasonable conduct" in violation of 42 U.S.C. § 1983.

Before the Court is Defendant Collison's Partial Motion to Dismiss (Dkt. No. 189). Defendant Collison argues that partial dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) because Counts II and IV of the Sixth Amended Complaint fail to state a claim upon which relief may be granted and are redundant. Plaintiff has filed a response (Dkt. No. 193), and Defendant Collison has replied (Dkt. No. 195). The motion is at issue.

---

[2] The Court also dismissed Plaintiff's state law claims, holding that "the importance of allowing the Oklahoma courts to decide novel and significant issues of Oklahoma law," made exercising supplemental jurisdiction inappropriate in this case. (Order, Dkt. No. 153, at 4.)

## II. STANDARD OF REVIEW

The Supreme Court has made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (internal citations omitted). At the dismissal stage, the Court will accept all of Plaintiff's well-pleaded factual allegations as true and view them in the light most favorable to Plaintiff. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). However, "conclusory allegations that lack 'supporting factual averments are insufficient to state . . . claim[s] on which relief can be based.'" In re Marsden, 99 F. App'x 862, 866 (10th Cir. 2004) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). Dismissal is appropriate when the allegations in the complaint, treated as true, cannot "raise a claim of entitlement to relief." Twombly, 550 U.S. at 558.

## III. ANALYSIS

A. Excessive Force

Viewed in a light most favorable to Plaintiff, the facts are that Defendant Collison placed Cory Wright in the cell with knowledge that he would be harmed and thereby permitted the other inmates to use force against Cory Wright. The Court must determine

4

whether these facts sufficiently state a claim of excessive force in violation of the Fourth Amendment and/or Okla. Const. Art. 2, § 30.

To address Plaintiff's excessive force claim brought under § 1983, the Court must first identify the specific constitutional amendment allegedly violated. See Graham v. Connor, 490 U.S. 386, 394 (1989) ("In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force."). "Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment—all depending on where the defendant finds himself in the criminal justice system—and each carries with it a very different legal test." Porro v. Barnes, 624 F.3d 1322, 1325 (10th Cir. 2010). Plaintiff's Amended Complaint correctly alleges a claim of excessive force under U.S. Const. Amend. IV because Cory Wright was an arrestee detained without a warrant and the alleged misconduct occurred prior to any probable cause hearing. See Estate of Booker v. Gomez, 745 F.3d 405, 419 (10th Cir. 2014) ("[W]e have held that the Fourth Amendment, not the Fourteenth, governs excessive force claims arising from 'treatment of [an] arrestee detained *without a warrant*' and '*prior to* any probable cause hearing.'"); see also Austin v. Hamilton, 945 F.2d 1155, 1160 (10th Cir. 1991), abrogated on other grounds by Johnson v. Jones, 515 U.S. 304 (1995).

The U.S. Const. Amend. IV and Okla. Const. Art. 2, § 30 are identical in substance. De Graff v. State, 1909 OK CR 82, ¶ 4, 103 P. 538, 541. Both constitutional provisions protect against "'unreasonable searches and seizures.'" Bella v. Chamberlain, 24 F.3d 1251, 1255 (10th Cir. 1994); Brumfield v. State, 2007 OK CR 10, ¶ 14, 155 P.3d 826, 833. Both

5

provide a private cause of action for excessive force when that constitutional protection is violated. See Bella, 24 F.3d at 1255; see also Bosh v. Cherokee Cnty. Bldg. Auth., 2013 OK 9, ¶ 23, 305 P.3d 994, 1001. Thus the Court will address both claims concurrently.

"To state a claim of excessive force under the Fourth Amendment, a plaintiff must show both that a 'seizure' occurred and that the seizure was 'unreasonable.'" Bella, 24 F.3d at 1255 (citing Brower v. Cnty. of Inyo, 489 U.S. 593, 599 (1989)). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. Graham explicitly held "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Id. at 395. Oklahoma state courts have adopted Graham's "reasonableness test." Morris v. Humphrey, No. CIV-14-497-W, 2014 WL 6603874, *9 (W.D. Okla. Nov. 20, 2014) (citing Bryson v. Okla. Cnty., 2011 OK CIV APP 98, ¶ 28, 261 P.3d 627, 638). Graham and similar case law show that excessive force claims are reserved for those factual scenarios where an officer—a state actor—and not a private citizen, such as an inmate, "used excessive force." Graham, 490 U.S. at 397. Plaintiff's complaint merely alleges that Defendant Collison "permitted" the inmates to use excessive force against Cory Wright. Plaintiff does not cite, and the Court was unable to find, a single case in which permitting the use of force by a non-state actor sufficiently stated a claim of excessive force.

Plaintiff does cite case law in which the Tenth Circuit held that an officer may be liable for permitting a fellow officer to use excessive force. Mick v. Brewer, 76 F.3d 1127 (10th Cir. 1996). However, Plaintiff mischaracterizes the issue at hand by arguing that Mick proves "[n]o physical touching is necessary" to state a claim of excessive force. (Pl.'s Resp., Dkt. No. 193, at 5.) Furthermore, Plaintiff provides no authority that would support expanding the Tenth Circuit's holding in Mick to the scenario where an officer permits a non-state actor to exercise force against another individual.

Plaintiff also argues Defendant Collison can be held liable for excessive force under 42 U.S.C. § 1983 for "set[ting] in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive [Cory Wright] of [his] constitutional rights." Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990). However, the language Plaintiff cites was used to determine whether state actor defendants acting in a non-supervisory capacity had a sufficient causal link to the constitutional violations committed by other state actors such that denial of qualified immunity was appropriate. Id. Snell does not bolster Plaintiff's assertion that permitting a non-state actor to exercise force may support an excessive force claim, and Snell is not relevant to the issue at hand.

Furthermore, Plaintiff's Fourth Amendment claim of excessive force in violation of 42 U.S.C. § 1983 is a redundant reformulation of the "failure to protect" claim in Count V of the Sixth Amended Complaint (Dkt. No. 187). "Generally, state actors are liable only for their own acts, and not the violent acts of third parties." Armijo By & Through Chavez v. Wagon Mound Pub. Sch., 159 F.3d 1253, 1260 (10th Cir. 1998). There are two exceptions:

7

> The first exception, known as the special relationship doctrine, "exists when the state assumes control over an individual sufficient to trigger an affirmative duty to provide protection to that individual . . . ." The second exception, sometimes referred to as the "danger creation" theory, provides that a state may also be liable for an individual's safety "if it created the danger that harmed the individual."

Liebson v. N.M. Corr. Dep't, 73 F.3d 274, 276 (10th Cir. 1996) (quoting Uhlrig v. Harder, 64 F.3d 567, 572 (10th Cir. 1995)). Both exceptions may trigger a duty on behalf of the state to protect the individual against private violence. Armijo, 159 F.3d at 1261-64. A claim that the state has disregarded that duty and "permitted" private violence against the individual arises under the Fourteenth Amendment and its Due Process Clause, not the Fourth Amendment. Thus, Plaintiff's excessive force claim is merely a restatement of the "failure to protect" claim. Pursuant to Fed. R. Civ. P. 12(f), the Court may strike any redundant matter from a pleading.

Based on the reasoning above, Plaintiff's claims in Count II of the Sixth Amended Complaint (Dkt. No. 187) should be dismissed.

B. "Objectively Unreasonable Conduct"

Defendant argues that Plaintiff's Fourth Amendment claim of "objectively unreasonable conduct" should be dismissed because it fails to allege a plausible constitutional violation and is redundant with Plaintiff's "failure to protect" claim. The Court agrees.

Plaintiff asserts that the Fourth Amendment recognizes "a claim for (1) the use of force that resulted in physical injury; and (2) the objectively unreasonable decision to assign

8

the decedent to cell 6 that resulted in his loss of security of individual dignity." (Pl.'s Resp., Dkt. No. 193, at 5.) However, Plaintiff provides no case law in which "objectively unreasonable conduct" has been maintained as a distinct claim. Plaintiff cites <u>Holland ex. rel. Overdorff v. Harrington</u>, 268 F.3d 1179 (10th Cir. 2001), to argue that the Fourth Amendment supports multiple theories of liability. See <u>Holland</u>, 268 F.3d at 1195 ("[T]he interests protected by the Fourth Amendment are not confined to the right to be secure against physical harm; they include liberty, property and privacy interests."). <u>Holland</u> addresses a claim of excessive force, and the language cited only supports the Tenth Circuit's ruling that excessive force claims do not require physical injury. <u>Holland</u> does not support a finding that "objectively unreasonable conduct" is a claim distinct from that of excessive force. Neither is it distinct from Plaintiff's "failure to protect" claim. (See Pl.'s Resp., Dkt. No. 193, at 5 ("[I]t is axiomatic that jail officials have a duty to protect arrestees from violence at the hands of other inmates.").) Thus, Plaintiff's Count IV claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and (f).

## IV. CONCLUSION

Accordingly, Defendant Jennifer Collison's Partial Motion to Dismiss (Dkt. No. 189) is GRANTED and Counts II and IV of Plaintiff's Sixth Amended Complaint are dismissed.

IT IS SO ORDERED this 26th day of February, 2015.

ROBIN J. CAUTHRON
United States District Judge