## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MANDI WRIGHT, Individually and as Administrator for the Estate of CORY WRIGHT, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> (2) GARY STANLEY, individually and in his official capacity as Sheriff of Woodward County; *et al*. <br><br> Defendants. | Case No.: 11-CIV-1235-C |

## PLAINTIFF'S TRIAL BRIEF

Pursuant to this Court's Order [Dkt. #279], Plaintiff Mandi Wright, as Administrator of the Estate of Cory Wright ("Estate"), submits the following Trial Brief.

**THE COURT SHOULD INSTRUCT THE JURY ON THE BOARD'S FUNDING OBLIGATIONS RELATIVE TO THE JAIL**

Pursuant to 42 U.S.C. § 1983, a county may be held liable for its own unconstitutional or illegal policies. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978), *see also*, *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) (a municipality may be liable under Section 1983 for a single decision by its legislative body). "In order to warrant liability, a municipal policy must be a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a municipality's] officers." *Lankford v. City of Horbart*, 73 F.3d 283, 286 (10th Cir. 1996).

It is well-settled that municipalities are constitutionally required to take reasonable steps to insure the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). This includes the right "to be confined in an environment which does not result in his degeneration or which threatens his mental and physical well-being." *Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980) *citing Battle v. Anderson*, 564 F.2d 388, 401, 403 (10th Cir. 1977). "When the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199-200 (1989). Where the State restrains an individual's liberty, and at the same time fails to provide for his basic human needs, including reasonable safety, "it transgresses the substantive limits on state action set by the Eighth Amendment." *Id.*

When evaluating the impact of jail conditions, "[i]t is important to recognize that various deficiencies in prison conditions 'must be considered together.'" *Rhodes v. Chapman*, 452 U.S. 337, 362-63 (1981) (quoting *Holt v. Sarver*, 309 F.Supp., 362, 373 (E.D.Ark.1970)). The individual conditions "exist in combination; each affects the other; and taken together they [may] have a cumulative impact on the inmates." *Id*. "Thus, a court considering an Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances. Even if no single condition of confinement would be unconstitutional in itself, 'exposure to the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment.'" *Id*. at 363 (quoting *Laaman v. Helgemoe*, 437 F.Supp. 269, 322-323 (NH 1977)).

The deliberate indifference standard may be satisfied with respect to the Board when it has actual or constructive notice that its actions or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. *Board of County Comm. v. Brown*, 520 U.S. at 407-08. Notice can be shown through a pattern of tortious conduct, or alternatively, notice may be shown in the absence of a pattern of unconstitutional behavior if a constitutional violation is a "highly predictable" or "plainly obvious" consequence of the Board's acts or omissions. *Brown*, 520 U.S. at 409-10, *Winton*, 88 F.Supp.2d at 1268.

As noted, *supra*, the liability of the Board is governed by a modified deliberate indifference standard. As applied to governmental entities, deliberate indifference is an objective standard only, which is satisfied if the risk is so obvious that the governmental agency should have known of it. *See Winton v. Bd. of County Commr's of Tulsa Co.*, 88 F.Supp.2d 1247, 1262 (N.D.Okla. 2000), *citing Farmer v. Brennan*, 511 U.S. at 840-842, *Barney v. Pulsipher*, 143 F.3d 1299, 1308 n.5 (10th Cir. 1998), and *City of Canton v. Harris*, 489 U.S. 378 (1989).

With these considerations in mind, the funding practices of Defendant Board provide a factual basis to support the reasonable inference that it exhibited deliberate indifference to conditions of confinement at the Woodward County Jail.

### Board Has a Legal Duty to Provide and Fund a Jail Facility Adequate for the "Safekeeping of Prisoners"

Oklahoma law charges the Board with a legal obligation to provide and fund an adequate jail facility. Under Oklahoma's statutory scheme, responsibility for the county

3

jail is divided between two independently elected offices: (1) the Board of County Commissioners; and (2) the Sheriff. *Compare* 57 O.S. § 41 ("Every county, by authority of the board of county commissioners and at the expense of the county, shall have a jail or access to a jail in another county <u>for the safekeeping of prisoners</u>") (emphasis added) *with* 57 O.S. § 47 ("The sheriff . . . shall have charge of the county jail of his county."). In Oklahoma, the Board is responsible for the physical plant while the Sheriff is responsible for the day-to-day operation of the facility. *See Bryson v. Okla. City ex rel. Okla. City Detention Ctr.*, 261 P.3d 627 (Okla.Civ.App.2011).

In *Bryson*, the Oklahoma Court of Civil Appeals squarely addressed Board's responsibilities relative to providing a jail facility. The court dispensed with the notion that Board is not responsible for the jail. *Id.* at 636 (". . . the County's position that it is not responsible for the jail is not supported by law.").[1] The court recognized that a county may enter into contracts with private operators to provide and operate jail facilities for the county, however, once the Board undertakes responsibility for providing a jail, it "must discharge its responsibilities to the jail in a constitutional manner." *Id.*

The legal responsibilities referenced in *Bryson* include both statutory and constitutional obligations. *Id.* ("The County's duty to provide for the jail is constitutional as well as statutory.") In addition to the statutory requirement to provide a jail that is adequate for the safekeeping of prisoners, *see* 57 O.S. § 41, the *Bryson* Court also

---

[1] "In the absence of a state supreme court ruling, a federal court must follow an intermediate state court decision unless other authority convinces the federal court that the state supreme court would decide otherwise." *Delano v. Kitch*, 663 F.2d 990, 996 (10th Cir. 1981).

4

recognized Board's constitutional obligation to incur expenses necessary to provide a "fundamental level of protection necessary 'for the safekeeping of prisoners lawfully committed.'" *Id*. at 637.

Compliance with this legal obligation is secured by imposing a priority in funding. As the *Bryson* Court reiterated, Board "must pay the expenses of its constitutional obligations ***before*** it pays for other services." *Id*. (emphasis added). In other words, not only must the Board pay for those expenses necessary to provide a jail that is adequate for the safekeeping of prisoners, Board has a duty under the Oklahoma constitution to prioritize and incur those expenses before it spends money elsewhere. *See* 2007 OK AG 35, ¶ 17 ("[b]ecause the necessary maintenance of a jail is a constitutional duty, a county must first appropriate funds for such duty and any other constitutional duties before <u>any</u> county funds are expended for statutory or other functions.") (emphasis added). "Not only is a county required to provide for a jail and fund its operation, . . . <u>it must also give priority to the funding to ensure performance of a constitutional duty</u>." *Id*. at ¶ 19 (emphasis added).[2] The *Bryson* court compared the obligation to provide an adequate jail facility with the Board's concomitant "duty to provide medical treatment for inmates in custody." *Bryson*, 261 P.3d at 637 (citing *HCA Health Servs. of Oklahoma, Inc. v. Whetsel*, 173 P.3d 1203, 1206 (Okla.2007).

---

[2]The priority in funding county jails was first recognized in *Smartt v. Board of County Commr's of Craig County*, 169 P. 1101 (Okla. 1917), and later supported by *Protest of Kansas City Southern Railway Co.*, 11 P.2d 500 (Okla. 1932).

As set forth above, Oklahoma law imposes a duty upon the Board to provide a jail facility that is adequate for the safekeeping of prisoners, and a corresponding duty to prioritize jail funding to prevent one set of officials from depriving another "of the means necessary for the performance of the duties imposed upon that other." *Id*. at ¶ 9. In this case, Defendant Board failed in both regards: not only was the physical plant of the WCJ inadequate for the safekeeping of prisoners, Defendant Board disregarded its constitutionally mandated duty to prioritize funding to address the capacity problems at the jail.

When the jury deliberates upon the liability of the Board, this Court should provide the necessary legal instructions to give it a proper framework in which to evaluate the Board's funding decisions.

Respectfully submitted,

BRYAN & TERRILL

 s/J. Spencer Bryan
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
Bryan & Terrill Law, PLLC
9 East 4th St., Ste. 307
Tulsa, OK 74103
Tele:  (918) 935-2777
Fax:   (918) 935-2778
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com
*Attorneys for Estate*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2016, I electronically transmitted the forgoing instrument to the Clerk of the Court using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Carson C Smith
csmith@piercecouch.com

Chris J Collins
czwg@czwglaw.com

David W Kirk
kirk@lytlesoule.com

Jamison C Whitson
jwhitson@czwglaw.com

Robert R Jones , Jr
jones@lytlesoule.com

Robert S Lafferrandre
rlafferrandre@piercecouch.com

Wellon B Poe , Jr
wellon@czwglaw.com

                                          _s/J. Spencer Bryan_____
                                          J. Spencer Bryan