# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)   MANDI WRIGHT, Individually and as Administrator for the Estate of CORY WRIGHT, Deceased,<br><br>       Plaintiff,<br><br>v.<br><br>(2)   GARY STANLEY, individually and in his official capacity as Sheriff of Woodward County; *et al.*<br><br>       Defendants. | Case No.: 11-CIV-1235-C |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's Order, Plaintiff submits the following Jury Instructions. These proposed instructions are intended to supplement standard instructions.

Respectfully submitted,

BRYAN & TERRILL

_s/ J. Spencer Bryan_
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
Bryan & Terrill Law, PLLC
9 East 4th Street, Suite 307
Tulsa, OK 74103
Tele:   (918) 935-2777
Fax:    (918) 935-2778
jsbryan@bryanterrill.com
*Attorneys for Plaintiff*

<u>STATEMENT OF THE CASE</u>

On August 16, 2011 Woodward City police officers arrested Cory Wright for DUI and transported him to the Woodward County Jail along with Jeff Tindel and David Anglin.

Once there, Jennifer Collison assigned Wright to an overcrowded cell. Jeremy Cannon then escorted Wright to that cell. As Cannon placed Wright in the cell, the inmates told him on two occasions that "It would not work." Plaintiff has alleged that the inmates also told Cannon they would assault Wright if placed in their cell. Cannon does not recall hearing the threats.

Plaintiff has also alleged that Collison either accompanied Cannon and Wright to the cell, or that she was able to hear the threats from the booking area.

Cannon then placed Wright in the cell. Wright was assaulted by the inmates within 45 seconds to one minute. Cannon heard the assault, returned to cell and removed Wright. The inmates then told Cannon that he was warned not to put Wright in the cell.

Prior to Wright's arrest, the Board of County Commissioners also knew the Woodward County Jail had a history of overcrowding. Wright has alleged that overcrowding prevented adequate classification and resulted in the dangerous housing decision that led to his assault. Wright has alleged that despite knowledge of these dangerous conditions, the Board failed to act.

As a result of the assault, Plaintiff claims that Wright sustained physical and psychological injuries. Wright died approximately three months later.

Plaintiff contends that Defendants Cannon and Collison exhibited deliberate indifference to the substantial risk of serious harm presented by the inmates and the conditions of confinement Wright faced at the Woodward County Jail. Collison and Cannon deny that they were deliberately indifferent.

Plaintiff further contends that the Board of County Commissioners of Woodward County exhibited deliberate indifference to the conditions of confinement at the jail. Board denies that it exhibited deliberate indifference to the conditions of confinement at the jail.

## "INFERENCES" DEFINED

An "inference" is a deduction or conclusion, which reason and common sense lead the jury to draw from facts, which have been established by the evidence in this case.

## EVIDENCE – DIRECT – INDIRECT OR CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the greater weight of all evidence in the case, both direct and circumstantial.

## LAW ENFORCEMENT WITNESS

You have heard the testimony of custodial personnel and law enforcement officials. The fact that a witness may be employed by the federal, state or city government as a custodian or law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. You should consider the testimony of any custodial personnel or law enforcement witness and give it such weight as you think it deserves.

## STIPULATIONS

The parties have agreed to certain facts that have been stated to you. You should, therefore, treat these facts as having been proved.

# FEDERAL CIVIL RIGHTS ACT

The plaintiff has asserted a claim under the Federal Civil Rights Act, 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any state ... subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Authority:

*Dantrassy v. Bd. of County Commr's of Kay Co., Okla.*, U.S. Dist. Court for the Western District of Oklahoma, Case No. CIV-08-209-C [Dkt. # 137, p. 7].

## VIOLATION OF STATE JAIL STANDARDS

You are instructed that a violation of internal policy or procedure is not determinative of whether plaintiff's federal constitutional rights were violated. Rather, whether a defendant violated plaintiff's federal constitutional rights must be determined as previously instructed.

You are instructed that a violation of a state jail standard may demonstrate whether plaintiff's state constitutional rights were violated. Whether a defendant violated plaintiff's state constitutional rights must be determined as provided in these instructions.

Authority:

*Dantrassy v. Bd. of County Commr's of Kay Co., Okla.*, U.S. Dist. Court for the Western District of Oklahoma, Case No. CIV-08-209-C [Dkt. # 137, pp. 16]; *see also Lopez v. LeMaster*, 172 F.3d 756, 761 (10th Cir. 1999); *Bosh v. Cherokee Co. Governmental Building Authority*, 305 P.3d 994 (Okla.2013).

## DUTY TO PROTECT

Under the Fourteenth Amendment, a person being detained in a jail following an arrest has the right to be protected from being assaulted by another inmate.

Authority:

*Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Howard v. Waide,* 534 F.3d 1227, 1236 (10th Cir. 2008); *Ramos v. Lamm*, 639 F.2d 559, 572 (10th Cir. 1980)

## NOTICE OF THREAT

## TO INDIVIDUAL JAILERS

A person detained need not provide notice of any threat in order to trigger an official's duties to protect him or her from violence.

Authority:

*Farmer v. Brennan,* 511 U.S. 825, 849 (1994); *Howard v. Waide*, 534 F. 3d 1227, 1237-38 (10th Cir. 2008)

<u>42 U.S.C. § 1983 FEDERAL CLAIM</u>

<u>ELEMENTS</u>

In order to establish his claims under 42 U.S.C. § 1983, the plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     that a person or entity acted under color of state law

(2)     subjected or caused plaintiff to be subjected to the deprivation of a right secured by the Constitution or laws of the United States; and

(3)     that a defendant's acts caused damages.

You are instructed that number one has been satisfied; all defendants acted under color of state law.  Accordingly, you must only determine whether the plaintiff has established element numbered two and three.

If you find that the plaintiff has proven each of these elements in accordance with these instructions against any of the defendants, then you must find for the plaintiff and against that defendant. On the other hand, if you find that the plaintiff has failed to prove each of these elements against any defendant, then you must find for that defendant and against the plaintiff.

Authority:

*Dantrassy v. Bd. of County Commr's of Kay Co., Okla.*, U.S. Dist. Court for the Western District of Oklahoma, Case No. CIV-08-209-C [Dkt. # 137, p. 8]

## DEFENDANTS' STATE OF MIND

Section 1983 does not require the plaintiff to demonstrate that a defendant acted

willfully, or with the specific intent to violate the plaintiff's federally protected rights.

Nor is the plaintiff required to show that a defendant abused governmental power.

Authority:

*Dodds v. Richardson*, 614 F.3d 1185, 1204-05 (10th Cir. 2010)

# COUNTY/ENTITY LIABILITY

The Board cannot be liable under § 1983 simply because its employee violated the Constitution. Rather, you must find that a Board policy, practice, or custom, caused the plaintiff's injury.

In order to hold a local government body, such as a Board, liable for violating § 1983, the plaintiff must show that an unconstitutional act was executed as part of the Board's policy or custom, and that a direct causal link existed between the policy or custom and the injury alleged.

The plaintiff must show that, through its conduct, the Board was the moving force behind the injury alleged, meaning that the official policy or custom itself must be unconstitutional or, if not, that a constitutional violation was a highly predictable or plainly obvious consequence of the policy or custom, and the policy or custom must have been adopted or continued with deliberate indifference.

Deliberate indifference in this context means the governing body disregarded a known or obvious risk where a constitutional violation is a highly predictable or plainly obvious consequence of that decision. This deliberate indifference standard is different than the standard used for individuals and described later in these instructions.

Authority:

*Dantrassy v. Bd. of County Commr's of Kay Co., Okla.*, U.S. Dist. Court for the Western District of Oklahoma, Case No. CIV-08-209-C [Dkt. # 137, p. 10]

## CUSTOM, POLICY OR PRACTICE

In the context of §1983, a policy or custom may take the form of one or more of the following:

(1) formal regulation or policy statement;

(2) informal custom amounting to widespread practice that, although not authorized by written law or express policy, is so permanent  and well settled  as to constitute  custom  or usage with force of law;

(3) decisions by employees with final policymaking authority; or

(4) ratification by such final policymakers of decisions, and the basis for them, of subordinates to whom authority was delegated subject to policymakers' review and approval.

Authority:

*Dantrassy v. Bd. of County Commr's of Kay Co., Okla.*, U.S. Dist. Court for the Western District of Oklahoma, Case No. CIV-08-209-C [Dkt. # 137, p. 12]

## FINAL POLICYMAKER

Under Oklahoma law, the Board is the final policymaker and responsible for providing the physical structure of the county jail.

Authority:

*Dantrassy v. Bd. of County Commr's of Kay Co., Okla.*, U.S. Dist. Court for the Western District of Oklahoma, Case No. CIV-08-209-C [Dkt. # 137, p. 17]; *See Bryson v. Okla. City ex rel. Okla. City Detention Ctr.*, 261 P.3d 627 (Okla.Civ.App.2011).

# BUDGETARY CONSTRAINTS

You are instructed that budgetary constraints do not provide a basis or justification for denying Mr. Wright his constitutional right of protection from harm by other inmates because constitutional requirements are not to be measured or limited by dollar considerations.

Authority:

"More significantly, however, it is obvious that vindication of conceded constitutional rights cannot be made dependent upon any theory that it is less expensive to deny them than to afford them." *Watson v. City of Memphis, Tenn., et al,*. 373 U.S. 526, 537 (1963).

"Budgetary constraints . . . do not justify cruel and unusual punishment." *Jones v. Johnson,* 781 F.2d 769, 771 (9th Cir. 1986).

## FUNDING OBLIGATION OF THE BOARD

## RELATIVE TO THE COUNTY JAIL

The Board's responsibilities over the jail include both statutory and constitutional obligations. Under state law, the Board has a constitutional obligation to incur expenses necessary to provide a fundamental level of protection necessary for the safekeeping of prisoners lawfully committed to the jail.

To meet this obligation, the Board must pay the expenses of its constitutional obligations before it pays for other services. In other words, the Board must pay for the expenses necessary to provide a jail that is adequate for the safekeeping of prisoners, and it has obligation to prioritize and incur those expenses before it spends money elsewhere.

Authority:

*See Bryson v. Okla. City ex rel. Okla. City Detention Ctr.*, 261 P.3d 627 (Okla.Civ.App.2011); 57 O.S. § 41; 2007 OK AG 35, ¶ 17; *Smartt v. Board of County Commr's of Craig County*, 169 P. 1101 (Okla. 1917); *Protest of Kansas City Southern Railway Co.*, 11 P.2d 500 (Okla. 1932).

COUNTY/ENTITY LIABILITY

CONDITIONS OF CONFINEMENT

To prove that the Board is liable for conditions of confinement that caused Plaintiff's injuries while in the Woodward County Jail, he must show the following:

(1)      a policy, custom or practice of the Board;

(2)      enacted with deliberate indifference to the consequences, or where a constitutional violation was a highly predictable or plainly obvious consequence;

(3)      and that the policy, custom or practice was the moving force behind a violation of plaintiff's constitutional rights;

If you find that a constitutional violation was a highly predictable or plainly obvious consequence of a policy, custom or practice of the Board, and you find that the policy, custom or practice is the moving force behind plaintiff's injuries, then you must find in favor of the plaintiff on his conditions of confinement claim. If you find that Plaintiff did not satisfy these elements by a preponderance of the evidence, then you must find in favor of the Board on the conditions of confinement claim.

Authority:

*See Winton v. Bd. of County Commr's of Tulsa Co.*, 88 F.Supp.2d 1247, 1262 (N.D.Okla. 2000), *citing Farmer v. Brennan*, 511 U.S. at 840-842, *Barney v. Pulsipher*, 143 F.3d 1299, 1308 n.5 (10th Cir. 1998), and *City of Canton v. Harris*, 489 U.S. 378 (1989).

# FEDERAL CONSTITUTIONAL VIOLATION

## INDIVIDUAL LIABILITY

## DELIBERATE INDIFFERENCE - FAILURE TO PROTECT

### ELEMENTS

To prove that an individual defendant violated Plaintiff's constitutional right to protection from inmate violence while in the Woodward County Jail, the plaintiff must establish "deliberate indifference" by an individual jailer by showing that:

(1)     he was exposed to a substantial risk of serious harm that was either known to the jailer or obvious from the circumstance; and

(2)     the jailer either disregarded the risk, or took action that was not reasonably tailored to address that risk.

You may infer that the defendant jailer had knowledge of a risk of serious harm if you find that the risk of harm was obvious, or that the defendant jailer did not investigate a risk of harm that he or she strongly suspected to be true. The plaintiff need not show that defendant acted or failed to act believing that harm actually would befall the plaintiff; it is enough that the defendant acted or failed to act despite his or her knowledge of a substantial risk of serious harm.

You may also conclude that the defendant jailer disregarded the risk by either taking no action in response to the threat, or alternatively, by acting in a manner that was not reasonably tailored to address the risk of harm.

If you find that a defendant knew of a substantial risk to plaintiff's safety, but that a defendant took reasonable measures to prevent that risk, then you must find for that defendant. If you find that a defendant knew of a substantial risk to plaintiff's safety, and the defendant did not take reasonable measures to prevent that risk, then you must find for the plaintiff.

An official will not be deemed to have taken reasonable measures to prevent the risk, if the following is shown:

(1)     the jailer knew of a manner to reduce the harm of a known risk;

(2)     but did not act to reduce that risk.

Officials who act reasonably in response to a known risk are free from liability, even if the harm was not avoided. When determining whether an official acted reasonably, you may consider the actions the officials took and the alternatives that may have been known to them.

Authority:

*Dantrassy v. Bd. of County Commr's of Kay Co., Okla.*, U.S. Dist. Court for the Western District of Oklahoma, Case No. CIV-08-209-C [Dkt. # 137, pp. 13-14]; *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005)

# DELIBERATE INDIFFERENCE

## TIMING TO ASSESS LIABILITY

Whether an individual defendant acted with deliberate indifference is assessed at moment of the omission that caused the injury.

Authority:

*See Estate of Booker v. Gomez*, 745 F.3d 405, 443 (10th Cir. 2014) ("[D]eliberate indifference is assessed at the time of the alleged omission, the Defendants' eventual provision of medical care does not insulate them from liability.")

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Authority:

*See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (involving violation of procedural due process).

## COMPENSATORY DAMAGES

If you find in favor of the plaintiff, you may award damages only for those injuries that you find the plaintiff has proven by a preponderance of evidence to have been the result of conduct by the defendants. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendants deprived plaintiff of his rights, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that he claims he suffered. If you find in favor of plaintiff on the civil rights claim, but do not find any actual damages have been proven, you shall nonetheless award him nominal damages in the sum of one dollar ($1.00).

In determining the amount of actual damage for a civil rights violation, if any, you may consider:

A.    Cory Wright's physical pain and suffering through the date of his death;

B.    Cory Wright's mental pain and suffering through the date of his death;

C.    Cory Wright's age;

D.    Cory Wright's physical condition immediately before and after the assault;

E.    The nature and extent of his injuries;

F.    Whether the injuries were permanent;

G.    The physical impairment;

H.     The disfigurement;

I.      Loss of earnings/time;

J.      Impairment of earning capacity;

K.     The reasonable expenses of the necessary medical care, treatment, and services, rendered.

Authority:

OUJI 4.1 – Personal Injuries - Adults

# SECTION 1983 PUNITIVE DAMAGES

If you find in favor of plaintiff on his § 1983 claim and, if you also find by a preponderance of the evidence that defendant Cannon or defendant Collison's conduct was recklessly and callously indifferent to plaintiff's constitutional rights, then, and only then, you may award exemplary or punitive damages.

Punitive damages are not to be construed as compensation to plaintiff, but as punishment for the defendant, and as an example to others to deter them from like conduct.

Defendants' conduct was reckless if it showed an utter indifference for the safety of others. Moreover, conduct is reckless if it is an extreme departure from ordinary care and presents a danger that is either known to that person or is so obvious that the person should have known of it.

In determining the amount of punitive damages you may consider the following factors:

1.     The harm that defendants' conduct has already caused and is likely to cause;

2.     The degree of wrongfulness of defendants' conduct;

3.     How long the conduct lasted and whether it is likely to continue;

4.     Whether there was other similar conduct, and if so, how often it occurred;

5.     How aware defendants were of the conduct and its consequences, and whether there were attempts to conceal the conduct;

6.  Whether Defendant benefitted from the conduct, and if so, whether that benefit should be taken away;

7.  The need to discourage others from similar conduct; and

8.  The financial resources of defendants.

The fact that an instruction is given to you on the subject of punitive damages is not to be interpreted by you as an indication that this Court has concluded that the plaintiff is entitled to recover punitive damages; instructions on the question of punitive damages are given to you for your guidance should you first find by a preponderance of the evidence that plaintiff is entitled to punitive damages.

The amount of any punitive damages is left to your sound discretion. Punitive damages may be awarded even if the violation of plaintiff's constitutional rights resulted in only nominal damages. Your award however, if any, must be just and reasonable, and must be based on the evidence introduced.

Authority:

*Dantrassy v. Bd. of County Commr's of Kay Co., Okla.*, U.S. Dist. Court for the Western District of Oklahoma, Case No. CIV-08-209-C [Dkt. # 137, pp. 21-23]

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

(1)    MANDI WRIGHT, Individually and as
       Administrator for the Estate of CORY
       WRIGHT, Deceased,

              Plaintiff,

v.                                                    Case No.: 11-CIV-1235-C

(2)    GARY STANLEY, individually and
       in his official capacity as Sheriff of
       Woodward County; *et al*.

              Defendants.

## SPECIAL VERDICT FORM – PLAINTIFF

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths,

find as follows:

1. The Estate has established by a preponderance that Defendants Board of

   County Commissioners of Woodward County, Jeremy Cannon, and Jennifer

   Collison, were acting under color and authority of state law.  (This fact is

   stipulated and you must find that Plaintiff has satisfied this burden).


   _____X_____                        _____
   Agree                                     Not agree

2. Based upon the preponderance of the evidence, Defendant Board of County Commissioners of Woodward County enacted a policy or custom with deliberate indifference that was the proximate cause of injuries sustained by Cory Wright, or alternatively, a constitutional violation was a highly predictable or plainly obvious consequence of a policy or custom of the Board which caused injury to Cory Wright.

_____                          _____
Agree                                                  Not agree


3. Based upon the preponderance of the evidence, Defendant Jeremy Cannon, in his individual capacity, exhibited deliberate indifference to a substantial risk of serious harm to Cory Wright, which was the proximate cause of his injuries.

_____                          _____
Agree                                                  Not agree


4. Based upon the preponderance of the evidence, Defendant Jennifer Collison, in her individual capacity, exhibited deliberate indifference to a substantial risk of serious harm to Cory Wright, which was the proximate cause of his injuries.

_____                          _____
Agree                                                  Not agree

If you marked the "Agree" column for any question other than Question No. 1, you must affix damages against that Defendant:

1.    Board of County Commissioners of Woodward County:


_____                          _____
    Nominal                              Compensatory



2.    Jeremy Cannon, in his individual capacity:




_____                 _____                 _____
Nominal                      Compensatory                      Punitive



3.    Jennifer Collison, in her individual capacity:




_____                 _____                 _____
Nominal                      Compensatory                      Punitive

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2016, I electronically transmitted the forgoing instrument to the Clerk of the Court using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Carson C Smith
csmith@piercecouch.com

Chris J Collins
czwg@czwglaw.com

David W Kirk
kirk@lytlesoule.com

Jamison C Whitson
jwhitson@czwglaw.com

Robert R Jones , Jr
jones@lytlesoule.com

Robert S Lafferrandre
rlafferrandre@piercecouch.com

Wellon B Poe , Jr
wellon@czwglaw.com

*s/J. Spencer Bryan*
J. Spencer Bryan, OBA #19419