# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

MANDI WRIGHT, individually and as    )
Surviving Spouse of CORY WRIGHT,    )
Deceased,    )
    )
        Plaintiff,    )
    )
v.    )    Case No.  CIV-11-1235-C
    )
GARY STANLEY, individually and in his    )
official capacity as Sheriff of Woodward    )
County, *et al*    )
        Defendants.    )

## REQUESTED JURY INSTRUCTIONS OF DEFENDANT
## JENNIFER COLLISON

Pursuant to the Court's Scheduling Order (Doc. 279), the Defendant Jennifer

Collison hereby submits the following requested jury instructions.

Respectfully submitted,

s/  Randall J. Wood
Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA # 10531
Carson C. Smith, OBA # 22303
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 N. Francis (76106)
P.O. Box 26350
Oklahoma City, Oklahoma  73126-0350
Telephone:   (405) 235-1611
Facsimile:    (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
csmith@piercecouch.com
Attorneys for Defendant, Jennifer Collison

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| J. Spencer Bryan | jsbryan@bryanterrill.com |
| Steven J. Terrill | sterrill@bryanterrill.com |
| Chris J. Collins | czwg@czwglaw.com |
| Jamison C. Whitson | jwhitson@czwglaw.com |
| Wellon B. Poe, Jr. | wellon@czwglaw.com |
| David W. Kirk | kirk@lytlesoule.com |
| Robert R. Jones, Jr. | jones@lytlesoule.com |
| Noble McIntyre | noble@mcintyrelaw.com |

/s/Randall J. Wood
Randall J. Wood

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

## OPENING

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and

anyone else you may meet. If, during the trial, anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the clerk of the court or bailiff, who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.  Do not read newspaper reports about this trial, and do not watch or listen to television or radio reports about it, and do not do any independent research on this case on the Internet or otherwise.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.  You are admonished to observe these rules carefully at all times.

AUTHORITY:        Federal Jury Practice and Instructions, 5th ed., § 103.01 (2004); OUJI 1.4.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

## "IF YOU FIND," OR "IF YOU DECIDE"

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

### BURDEN OF PROOF

### GREATER WEIGHT OF THE EVIDENCE

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

OUJI 2d. 3.1

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

## EVIDENCE

It is the duty of attorneys on each side of the case to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

When the court has sustained an objection to a question, the jury is to disregard the question, and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer.

Upon allowing testimony or other evidence to be introduced over the objection of counsel, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

## EVIDENCE - DIRECT - INDIRECT - OR CIRCUMSTANTIAL EVIDENCE

This case must be decided on evidence and your deliberations must not be tainted by prejudice for or against any party or influenced by sympathy for any party.

You are instructed that evidence may be either direct or circumstantial. Direct evidence is evidence such as the testimony of any eyewitness, or other testimony based on actual personal knowledge or observation of the facts in controversy. Circumstantial evidence is evidence of certain facts from which a jury may deduce the facts sought to be proved, that is, a jury may infer other connecting facts that usually and reasonably follow.

The law does not require you to accept all of the evidence I have admitted. The lawyers and I merely place it before you. In determining what evidence you will accept, you must make your own evaluation of it. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same experience and common sense that you use in your everyday dealings are what you should apply in your deliberations.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

## CONSIDERATION OF THE EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

Any factual determinations I made in connection with ruling on the admissibility of evidence are not your concern, but rather you are to deliberate on the basis of the evidence that was admitted.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

## EVALUATION OF EVIDENCE AND CREDIBILITY OF WITNESSES

The evidence in the case consists of the sworn testimony of the witnesses, all exhibits that have been received in evidence, and all facts that have been admitted or stipulated.

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of the testimony you accept and what weight you attach to it. In determining the believability of each witness and the value to be given the testimony of each witness, you should consider his or her relationship to the Plaintiff or the Defendants and the presence of interest, if any, in the outcome of the case; his or her manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the testimony was given; the witness' candor, fairness, and intelligence; the inherent probability or improbability of the testimony; and the extent to which the witness has been supported or contradicted by other credible evidence. You may accept or reject the testimony of any witness in whole or in part.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

## NO SPECULATION

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.


OUJI 2d. 3.3

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9**

### **DEPOSITION EVIDENCE**

During the trial, certain testimony has been presented by way of video or written depositions. You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a deposition. It is entitled to the same consideration and the same judgment on your part with reference to its weight and credibility as is the testimony of witnesses who have taken the stand.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

## IMPEACHMENT

You are instructed that a witness may be discredited or impeached by contradictory evidence; or by evidence that at other times the witness has made statements that are inconsistent with the witness' present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness only such credibility, if any, as you may think that it deserves.

If any witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars, and you may reject all of the testimony of that witness, or give it only such credibility as you may think that it deserves.

You may also consider any demonstrated bias, prejudice, or hostility of a witness toward one party of the other in determining the weight to be accorded to the witness' testimony.

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11**

## **MULTIPLE CLAIMS**

The Plaintiff in this case asserts more than one claim against the Defendants. Each of these claims and the evidence applicable to them is to be considered separately.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

## MULTIPLE DEFENDANTS

Although more than one Defendant is named in this action, it does not follow that if one is liable, all are liable.   You are instructed that you must consider separately the liability of each Defendant as alleged by the Plaintiff under the evidence and the Court's instructions as to the law of the case.   Each Defendant is entitled to a fair consideration of that Defendant's own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another Defendant.   Unless otherwise stated, all instructions given apply to the case against each Defendant.

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13**

## **INDIVIDUAL AND GOVERNMENTAL LIABILITY**

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are governmental entities or individuals.


Authority:

OUJI 2d. 1.62 (modified)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

## CIVIL RIGHTS ACT

The Plaintiff is claiming damages under a federal statute, Title 42 section 1983 of the United States Code, which is known as the Civil Rights Act.  In order to establish Plaintiff's claim under this Act, Plaintiff must prove the following elements by a preponderance of the evidence:

1. That a person acting under color of state law;

2. Subjected or caused Cory Wright to be subjected to the deprivation of a right secured by the United States Constitution;

3. That a defendant's acts were the cause of any damages sustained by Cory Wright.

If you find that the plaintiff has proven each of these elements in accordance with these instructions against any of the defendants, then you must find for the plaintiff and against that defendant.  On the other hand, if you find that the plaintiff has failed to prove any of these elements against any defendant, then you must find for that defendant and against the plaintiff.   Mere negligence or even gross negligence is not sufficient.

Authority:

*Dantrassy v. Kay County* (08-cv-209-C)(Jan. 12, 2011).  *Winton v. Bd of Comm 'rs of Tulsa County, Oklahoma.*, 88 F.Supp.2d 1247, 1261 - 1262 (N.D.Okla. 2000); *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988); *Monell v. Department of Social Services*, 436 U.S. 658 694, (1978); *City of Canton v. Harris*, 489 U.S. at 358, 109 S.Ct. 1197;  *Meyers v. Oklahoma County Board of County Commissioners*, 151 F.3d 1313, 1317 (10th Cir. 1998) *Hollingsworth v. Hill,* 110 F.3d 733 (10th Cir. 1997).

## DEFENDANT'S' REQUESTED JURY INSTRUCTION NO. 15

## COLOR OF LAW

In addition to establishing that Cory Wright's constitutional rights were violated.  Plaintiff must establish that Cory Wright was deprived of a federal right by the Defendants while acting under "color of law".  You are instructed that the Individual Defendants, because they were acting in their official capacities with respect to the actions alleged in the case, were acting under color of law.  You are instructed that the term acting under color of law does not mean that the Defendants violated the federally protected rights of Cory Wright; rather it means only that the Defendants' actions were undertaken under the authority of the law of the State of Oklahoma.

AUTHORITY:        *Trujillo v. Goodman,* 825 F.2d 1453 (10thCir. 1987); 3B Fed. Jury Prac. & Instr. § 165:40 (6th Ed.).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16**

FAILURE TO PROTECT CLAIM AGAINST JENNIFER COLLISON — ELEMENTS

In this case, the Plaintiff Mandi Wright claims that Cory Wright was arrested and taken to the Woodward County Jail on August 16, 2011.  Plaintiff claims that Jennifer Collison, while acting under color of law, intentionally deprived Cory Wright of his rights under the United States Constitution while Cory Wright was detained in the jail.

Specifically, Plaintiff claims that Jennifer Collison failed to protect Cory Wright from attack by other inmates at the Jail.

To establish that Jennifer Collison unlawfully failed to protect Cory Wright from attack by other inmates at the Jail, Plaintiff must prove each of the following facts by the greater weight of the evidence:

1.      That inmates in the cell attacked Cory Wright when he was placed in the Cell in the Woodward County Jail;

2.      That before Cory Wright was attacked by other inmates, Jennifer Collison was actually aware of the risk that these inmates would attack Cory Wright;

3.      That Jennifer Collison was deliberately indifferent to the substantial risk of such an attack;

4.      As a result of Jennifer Collison's deliberate indifference to a known risk of harm, Cory Wright was harmed.

19

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17

## DELIBERATE INDIFFERENCE

The phrase "deliberate indifference," as used when determining whether a defendant violated Cory Wright's constitutional right to protection from inmate violence while incarcerated, requires the following:

1.   The Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm to Cory Wright existed; and

2.   That each of the Defendants, in their dealings with Cory Wright, must actually draw the inference and realize that the substantial risk exists and then deliberately disregard that risk.

Deliberate indifference requires more than mere carelessness, negligence or even gross negligence.

AUTHORITY:

3B Fed. Jury Prac. & Instr. Section 165.41 (5th Ed.).

*Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 1391, 137 L. Ed. 2d 626 (1997); *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 1977-78, 128 L. Ed. 2d 811 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18**

You are instructed that the Defendant Jennifer Collision is not liable for any of Plaintiff's claims if Jennifer Collison (1) did not know about the facts that created the danger of harm to Cory Wright; or (2) although she knew of these facts, Collison mistakenly believed that there was no substantial risk of harm to Cory Wright; or (3) Collison knew about the risk of harm to Cory Wright and responded reasonably to it.

If you find that Jennifer Collison was unaware of the risk of harm to Cory Wright, you must find that she was not deliberately indifferent to Cory Wright.

M. Schwartz, *Section 1983 Litigation*, Jury Instruction 11.03.1
*Farmer v. Brennan*, 511 U.S. 825 (1994)

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19**

You are advised that jail staff are not expected to prevent all inmate-on-inmate violence.

*Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Berry v. City of Muskogee,* 900 F.2d 1489, 1494–95 (10th Cir.1990); Rider v. Werholtz, 548 F. Supp. 2d 1188, 1195 (D. Kan. 2008)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

## CAUSATION

To succeed on her Section 1983 claim, Plaintiff must prove that defendants' actions or omissions were the cause of Cory Wright's injuries.  To prove causation, plaintiff must show that, except for the alleged constitutional violation by each of the Defendants, Cory Wright's injuries would not have occurred and further that such injury was a reasonably foreseeable consequence of the alleged wrongful act.

Authority:

*Dantrassy v. Kay County* (08-cv-209-C)(Jan. 12, 2011) (Dkt. No 137)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21

## INTERVENING CAUSE – DEFINITION

Plaintiff must prove for each defendant that the defendant's conduct was a proximate cause of Cory Wright's injury and damage. An act is a proximate cause if it was a substantial factor in bringing about the Cory Wright's injury. You must determine whether injury or damage suffered by the Cory Wright was a reasonably foreseeable consequence of the defendant's conduct. An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

However, a defendant is not liable if Cory Wright's injury was caused by an independent cause of the injury that intervened between the defendant's conduct and Cory Wright's injury, and the intervening cause was not reasonably foreseeable by the defendant.

An intervening cause is one that interrupts or breaks the connection between a defendant's act or omission and a plaintiff's injury.  Defendant's act [or omission] would not be the direct cause of Cory Wright's injuries if another event intervened between the two and that event was:

1.      Independent of Defendant's act or omission;

2.      Adequate by itself to cause Plaintiff's injury; and

3.      Not reasonably foreseeable by the Defendant.

Authority:

OUJI 2d 9.8

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

## REASONABLE RESPONSE TO RISK

You are instructed that jail officials are only required to ensure reasonable safety of inmates confined in the jail.  Jail officials who actually knew of a substantial risk to inmate health or safety are not liable if they responded reasonably to the risk, even if the harm to the inmate ultimately was not avoided.

Authority:

*Farmer vs. Brennan*, 511 U.S. 825, 844 (1994); *Howard v. Waide*,  534 F.3d 1227, 1239 (10th Cir. 2008)

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23**

## **ASSUMPTION OF THE RISK**

Cory Wright assumed the risk of injury if he voluntarily exposed himself to injury with knowledge and appreciation of the danger and risk involved. To establish this defense, Defendants must show by the weight of the evidence that:

1.   Cory Wright knew of the risk and appreciated the degree of danger;

2.   Cory Wright had the opportunity to avoid the risk;

3.   Cory Wright acted voluntarily; and

4.   Cory Wright's action was the direct cause of his injury.

Authority:

OUJI 2d. 9.14

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24**

**VIOLATION OF JAIL STANDARDS OR STATE LAW**

The Defendants are not liable under the federal Civil Rights Act even if Defendants' conduct violated some state law, Oklahoma Jail Standard, or policy of the jail.  To be found liable, you must find that the Defendants violated federal constitutional law as previously instructed.


AUTHORITY:

*Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed. 2d 139 (1984).

*Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25

## CAUTIONARY INSTRUCTION ON DAMAGES

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of a §1983 claim for relief as described, you must then decide if Cory Wright suffered any injuries as a result of the violation of his federally protected rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. You should reach the issue of damages only if you first decide that each defendant is liable to plaintiff. In other words, I am instructing you on damages only so that you will have guidance in the event you decide that each defendant is liable to the plaintiff.

Also, just because I give you instructions on damages does not mean that I have any opinion about liability, one way or the other. It is for you alone to decide whether a defendant whom you are considering is liable to the plaintiff.

You should not reach the issue of damages unless you find that the plaintiff has established liability on her Section 1983 claims.

Should you decide that the plaintiff has proved her claim by a preponderance of the evidence, you must consider awarding Plaintiff compensatory damages and/or nominal damages. I will explain the law concerning each of these types of damages to you.

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26**

## **DAMAGES**

You are not to award damages for any injury or condition from which Cory Wright may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence that such injury or condition was proximately caused by the acts of the Defendants.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 27

## COMPENSATORY DAMAGES-CAUSATION

The plaintiff is entitled to recover the total amount of damages that Cory Wright actually sustained as a direct consequence of the defendant's violation of the Cory Wright's constitutional rights.   These are known as compensatory, or actual damages. If you decide that Cory Wright sustained actual damages because of the action of a defendant, your award of compensatory damages against that defendant must encompass only those damages which you find that plaintiff has proven by a preponderance of the evidence against the Defendant. Moreover, you must award compensatory damages only for those injuries that you find the plaintiff has proven to be a proximate result of defendants' conduct in violation of Section 1983. That is, you may not simply compensate plaintiff for any injury suffered by Cory Wright; you must compensate plaintiff only for those injuries that are a direct result of defendant's conduct that violated Cory Wright's constitutional rights.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which Cory Wright suffered that was not caused by the violation of his constitutional rights. You may, however, compensate the plaintiff to the extent that you find that Cory Wright was further injured by defendants' violations of his  constitutional rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28

## DAMAGES

You must separately consider the issue of damages for each individual Defendant. If you find in favor of the plaintiff and against the defendant, you will then consider the issue of the plaintiff's damages as to the Defendant

### *Compensatory Damages*

In considering the issue of the plaintiff's damages, you should assess the amount you find to be established by a preponderance of the evidence as full, just, and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize a defendant. Also, compensatory damages must not be based on speculation or guesswork, because only actual damages are recoverable.

On the other hand, compensatory damages are not restricted merely to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible.  If you find that Cory Wright did suffer emotional pain and mental anguish, then you must determine the amount of damages that will fairly compensate for that harm. There is no exact standard to be applied; the award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(1) Physical harm proximately caused by Defendant's conduct;

(2) Emotional pain and mental anguish proximately caused by Defendant's conduct;

(3) Financial loss proximately caused by Defendant's conduct.

*Nominal Damages*

If you find that Cory Wright suffered a violation of his constitutional rights, but that Cory Wright suffered no actual damages, then instead of the compensatory damages I've just discussed, the plaintiff is entitled to receive nominal damages. An award of nominal damages is proper where the plaintiff has shown no other injury except for the violation of Cory Wright's constitutional rights. In other words, if you find that a defendant violated Plaintiff's right to be free from harm from other inmates, but that the defendant's conduct did not proximately cause any injury or damage, then you must award the plaintiff a nominal verdict of one dollar as against the defendant.

AUTHORITY:  Schwartz, *Section 1983 Litigation: Jury Instructions, Second Edition.*

## **DEFENDANT'S REQUESTED INSTRUCTION NO. 29**

## **DUTY TO MITIGATE DAMAGES – PERSONAL INJURY**

In fixing the amount of money that will reasonably and fairly compensate Plaintiff, you are to consider that an injured or ill person must exercise ordinary care to obtain proper treatment. Damages cannot be recovered for an injury resulting from a failure to exercise such care.

AUTHORITY:         OUJI 5.3

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30**

## **MITIGATION OF DAMAGES**

If you find that Cory Wright was injured and suffered damages as a proximate result of conduct by one or more defendants in violation of his constitutional rights, you must also determine whether Cory Wright thereafter could have done something to lessen the harm that he suffered. The burden is on the defendants to prove, by the greater weight of the evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to make reasonable efforts to do so. If the defendants persuade you that Cory Wright could have reduced the harm done to him but failed to make reasonable efforts to do so, Plaintiff is entitled only to those damages that are sufficient to compensate for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to him. In short, you should reduce any amount of damages that you find plaintiff suffered by the amount that the defendants prove that Cory Wright could have lessened those damages through reasonable efforts.

AUTHORITY: See 3B Fed. Jury Prac. & Instr. § 165:23, Par. 5.2.

## **DEFENDANT'S REQUESTED INSTRUCTION NO. 31**

## **NO SPECULATION AS TO DAMAGES**

You are not permitted to award speculative damages.  Thus, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

AUTHORITY:    C. Richey, Manual on Employment Discrimination and Civil Rights Actions, § 85.08 (1987).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 32

## AVOIDANCE OF DOUBLE RECOVERY

If you find the Defendants violated more than one of Cory Wright's constitutional rights, Plaintiff is entitled to be compensated only for the injuries Cory Wright actually suffered. Thus, if the Defendants violated more than one of the Constitutional rights of the deceased, Cory Wright, but the resulting injury was no greater than it would have been if Defendants had violated only one of those rights, you must award an amount of compensatory damages no greater than you would award if Defendants had violated only one of the constitutional rights of the deceased.

If Defendants violated more than one of Plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate Plaintiff for the separate injuries Cory Wright suffered.

AUTHORITY: 3B Fed. Jury Prac. & Instr. § 165:73 (6th Ed.); *Mason v. Okla. Turnpike Auth.,* 115 F.3d 1442, 1459 (10th Cir. 1997) (abrogated on other grounds); *U.S. Industries, Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1259 (10th Cir. 1988).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 33

## CLOSING

You will note from the oath about to be taken by the bailiff, that during the course of your deliberations, the bailiff, as well as other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

When you retire you should elect one juror as your presiding juror.  That person will preside over the deliberations and speak for you with the court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  You must not use any method of chance in arriving at your verdict.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

A verdict form will be sent to the jury room with you, along with these written instructions of the court.  I suggest you study the verdict form early in your deliberations so you know what you must decide.  All of you must agree on a verdict. When you do, the presiding juror will sign the verdict.  Notify the bailiff by a written

note to the court when you have arrived at a verdict, so that you may return it to open court.

If it becomes necessary during your deliberation to communicate with me, you may send a note through the bailiff signed by your presiding juror.  In the message do not tell me how you stand on your verdict.  No member of the jury should ever attempt to communicate with me except by a signed writing.  The jury should not be discouraged from sending a note to the court when truly necessary, but please understand that when you do so, the court must (1) share the message with the parties and counsel, (2) determine what a proper response should be, (3) have it prepared and (4) deliver it to you.  Thus, a response may not be as prompt as you would understandably expect.  The instructions are intended to provide all the guidance that you are expected to need and the court requests you take this into consideration and reserve notes to the court for such truly necessary inquires.

*SPECIAL VERDICT FORM FOR INDIVIDUAL DEFENDANTS*
*Part I*

1.  Do you find that Cory Wright initiated the altercation with other inmates and that any actions of the Defendant Jennifer Collison were **not** the proximate cause of the injuries suffered by Cory Wright?

    Yes _____          No _____

    IF YOUR ANSWER TO THIS QUESTION IS YES, THEN YOU ARE INSTRUCTED TO NOT ANSWER ANY OTHER QUESTIONS AND RENDER A VERDICT IN FAVOR OF JENNIFER COLLISON AS INDICATED BELOW:

    We the jury, being duly sworn and empaneled, do hereby render a verdict in favor of Defendant Jennifer Collison and against the Plaintiff.

    _____          _____
    Juror                                     Juror

    _____          _____
    Juror                                     Juror

    _____          _____
    Juror                                     Juror

IF YOU ANSWERED "NO" TO QUESTION NUMBER 1 ABOVE, PLEASE PROCEED TO THE FOLLOWING QUESTIONS:

2.  Do you find, by a preponderance of the evidence, that Jennifer Collison knew of a substantial risk of serious harm to Cory Wright, namely that Cory Wright would be attacked by another inmate?

    Yes _____          No _____

(If your answer is "YES" proceed to question 3. If your answer is "NO," do not answer any of the remaining questions and render your verdict in favor of Jennifer Collison.

3.  If you answered "YES" to Question No. 2, do you find, by a preponderance of the evidence, that Jennifer Collison was deliberately indifferent to a known and substantial risk that Cory Wright would be attacked by another inmate?

    Yes _____          No _____

(If your answer is "YES", proceed to question 4. If your answer is "NO" do not answer any of the remaining questions and render your verdict in favor of Jennifer Collison.)

4.  Do you find, by a preponderance of the evidence, that Cory Wright sustained pain and suffering or other injuries that was proximately caused by the deliberate indifference of Jennifer Collison to a known and substantial risk of serious harm? (If your answer is "YES", answer questions 5 and 6.)

    Yes _____          No _____

*Part II*

(Answer Part II only if your answer to question 4 was "YES" as to Jennifer Collison.)

5.      What is the total amount of actual damages that the plaintiff suffered as a result of the deliberate indifference of Jennifer Collison to a known and substantial risk of serious harm?

        Amount $ _____

6.      Do you find that Cory Wright failed to mitigate any of his damages?  If so, please state the amount of damages that could have been avoided by Cory Wright:

        Damages Attributable to Cory Wright's Failure to Mitigate:  $_____

Please reduce any amount found in response to Question No. 5 by the amount found in Question No. 6.

        Question No. 5 amount minus Question No. 6 amount:  $ _____